IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3083 |
| vs. | |
| JEFFREY A. ANDERSON, | MEMORANDUM AND ORDER |
| Defendant. | |

  This matter is before the Court on the defendant, Jeffrey A. Anderson's, Motion to Suppress Statements (filing 38) and Motion to Dismiss (filing 45); the United States Magistrate Judge's Findings, Recommendation and Order recommending that the motions be denied (filing 60); and Anderson's objection to the Magistrate Judge's findings and recommendation (filing 62). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and will adopt the recommendations of the Magistrate Judge, overrule Anderson's objection, and deny Anderson's motions to suppress and to dismiss.

  To begin with, Anderson has not objected to the Magistrate Judge's recommendation that the Court deny Anderson's motion to suppress, in which he sought the suppression of statements he made during an interview with police. *See* filings 38 and 60. Section 636(b)(1) provides for de novo review only when a party objects to the Magistrate Judge's findings or recommendations. *Peretz v. United States*, 501 U.S. 923 (1991). Failure to object to a finding of fact in a Magistrate Judge's recommendation may be construed as a waiver of the right to object from the district court's order adopting the recommendation of the finding of fact. NECrimR 59.2(e). And the failure to object eliminates not only the need for de novo review, but *any* review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009); see also *United States v. Meyer*, 439 F.3d 855, 858-59 (8th Cir. 2006). Accordingly, the Court concludes that any objection to the Magistrate Judge's findings and recommendation regarding the motion to suppress has been waived, and will adopt those findings and recommendation without further discussion.

  Anderson has objected with respect to the Magistrate Judge's recommended denial of his motion to dismiss, which is based in a First Amendment argument. The background and substance of Anderson's

argument are set forth more fully in the Magistrate Judge's order, and need not be restated in detail here. The Court agrees with the Magistrate Judge's comprehensive discussion of this issue, and will adopt it.

In particular, the Court is not persuaded by Anderson's effort to distinguish *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005), which the Court finds to be controlling in this case. At issue in *Bach* was the same definition of "child pornography" as is relevant in this case: a "visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, . . . where . . . such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(C). In *Bach*, an image of a known minor's face had been digitally edited onto an image of an unknown nude minor child. The appellant, who had been convicted of several child pornography offenses based on his possession and transmission of the image, claimed that the definition was unconstitutionally overbroad as applied to him, in violation of the First Amendment. *Bach*, 400 F.3d at 629-32.

The Eighth Circuit rejected that argument, explaining that the picture implicated the interests of a real child. *Id.* at 632. The court reasoned that "[a]lthough there is no contention that the nude body actually is that of [the identifiable minor] or that he was involved in the production of the image, a lasting record has been created of . . . an identifiable minor child, seemingly engaged in sexually explicit activity. He is thus victimized every time the picture is displayed." *Id.* Therefore, the "image created an identifiable child victim of sexual exploitation[,]" and the government's compelling interest in protecting minors was implicated. *Id.*

Anderson contends that *Bach* is distinguishable because in this case, the identifiable minor's face appears to have been superimposed on an adult body, not a child's body. Exhibit 1. But that is a distinction without a difference. *Bach* clearly provides that the "type of harm which can constitutionally be prosecuted" is one in which "[t]he interests of real children are implicated"—and such interests were implicated in *Bach*, not by the use of an unknown minor child's body, but by the use of an identifiable minor child's face. Simply put, *Bach* concluded that the First Amendment permits prosecution based on an image that depicts an identifiable minor engaged in sexual activity. "[T]he interests of a real child [are] implicated by being posed in such a way." *Id.* at 632. *Bach* is controlling precedent here.

Anderson also advocates for a constitutional rule "which requires the statute to definitionally require that the image depict the act of participation or actual presence of the [identifiable] minor at or during the explicit sexual conduct being proscribed." Filing 63 at 11. That rule, of course, is inconsistent

- 2 -

with *Bach*. Anderson contends that such a rule is necessary in order for the statutory proscription to be "narrowly tailored" to the government's compelling interest in preventing harm to minors. Filing 63 at 5, 9-10 (citing *Boos v. Barry*, 485 U.S. 312, 321 (1988)). But when the type of harm at issue is created by the existence of an image depicting an identifiable minor engaged in sexually explicit conduct, *see Bach*, 400 F.3d at 632, then the only "tailoring" necessary is the criminalization of such images. *See id.*; *see also Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 242 (2002).

Therefore, the Court will adopt the Magistrate Judge's findings and recommendation that Anderson's motion to dismiss (filing 45) be denied.

IT IS ORDERED:

1. The United States Magistrate Judge's Findings, Recommendation and Order (filing 60) are adopted.

2. Anderson's Motion to Suppress Statements (filing 38) is denied.

3. Anderson's Motion to Dismiss (filing 45) is denied.

Dated this 30th day of January, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -